IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER EDWARDS, JR.                                              PETITIONER

v.                         Civil No. 5:25-cv-05095

SHERIFF JAY CANTRELL, Washington
County, Arkansas                                                      RESPONDENT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 6, 2025, Christopher Edwards, Jr. ("Edwards") filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241 and was permitted to proceed *in forma pauperis*. (ECF No. 7). Respondent answered the Petition on June 17, 2025 (ECF No. 14), objecting and arguing Petitioner had been released from custody since he filed his Petition. Petitioner's status was clarified when Petitioner communicated with the Court on June 24, 2025, stating he is "out of jail" and providing a private mailing address in Louisiana. (ECF No. 17).

Article III of the Constitution limits the jurisdiction of federal courts to consideration of ongoing "cases" or "controversies." U.S.C.A. Const. Art. 3., § 2, cl. 1. "[I]t is not enough that a dispute was very much alive when suit was filed ... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Comfort Lake Ass'n v. Dresel Contracting, Inc.,* 138 F.3d 351, 354 (8th Cir.1998), quoting, *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–78 (1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi,* 419 F.3d 722, 723–724 (8th Cir.2005) quoting, *Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 496 n. 7 (1969) ("If an issue is

1

moot in the Article III sense, [the Court has] no discretion and most dismiss the action for lack of jurisdiction.") *Id.*

Federal habeas corpus review under 28 U.S.C. § 2241 is available to individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Once a person is released from custody, their case becomes moot unless they can show a writ of habeas corpus can still provide them relief. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "Once [a] convict's sentence has expired ... some concrete and continuing injury other than the now-ended incarceration ... some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." *Spencer,* 523 U.S. 1, 7 (1998), citing *Carafis v. La Vallee,* 399 U.S.234, 238 (1968).  A "collateral consequence" includes restrictions on the right to vote, the right to own a gun, the right to serve on a jury, or the right to engage in certain types of businesses or professions. *Spencer,* 523 U.S. at 8.

Edwards' § 2241 Petition sought release from custody, alleging the lack of a fair and speedy trial in state court including unreasonable delays; the lack of a competent public defender who allegedly provided erroneous advice about plea agreements and appeals; allegedly false charges instituted by the prosecutor and the execution of an unreasonable search and seizure; a complicating child support matter in California and alleged failure to appear which impacted his Arkansas case; and related allegations of misconduct which Petitioner contends violated his rights under the 4th, 5th, 6th, 7th, and 8th Amendments to the Constitution.   According to the Respondent, Edwards pled guilty, accepted a sentence of probation and has been released from custody.   (ECF. No. 14, ¶ 6).    This is consistent with Edwards' notification on June 24, 2025.

Having review Edwards' Petition in a favorable light, the undersigned does not identify any collateral consequence of Edwards' prior incarceration and/or conviction and sentence of probation which this Court can remedy under § 2241, and thus it is recommended that Edwards' habeas action be dismissed as moot for lack of jurisdiction considering his release from custody.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 3rd day of October 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE